UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| SUSAN GUON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. |
| JOHN Q. COOK, M.D. LLC, and MARKETSTAFF, INC. | ) ) ) JURY DEMAND |
| Defendants. | ) ) ) |

## COMPLAINT

Plaintiff, Susan Guon, by and through her counsel, Williams, Bax & Saltzman, P.C., submits her Complaint against Defendants John Q. Cook, M.D. LLC and Marketstaff, Inc. (jointly referred to as "Defendants") and in support hereof states as follows:

### THE PARTIES

1. Plaintiff Susan Guon ("Guon") is an individual who resides in Cook County, Illinois.

2. From January 2010 to January 2016, Guon has been jointly employed by Defendants John Q. Cook, M.D. LLC (individually referred to as "Cook") and Marketstaff, Inc. (individually referred to as "Marketstaff, Inc.") as a patient care coordinator.

3. Cook, upon information and belief, is an Illinois limited liability company organized and existing under the laws of the State of Illinois with its principal place of business located at 118 Green Bay Road, Winnetka, Illinois 60093.

4. Cook is private medical practice that provides surgical and non-surgical services to patients seeking aesthetic improvement to their physical appearance.

5. Marketstaff, upon information and belief, is an Illinois corporation organized and existing under the laws of the State of Illinois with its principal place of business located at 29 N. Wacker Dr., Suite 707, Chicago, Illinois 60606.

6. Marketstaff is a human resources organization that provides management services to Cook and its employees.

## JURISDICTION AND VENUE

7. Jurisdiction is proper pursuant to 28 U.S.C. § 1331, this case arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

8. This Court has supplemental jurisdiction over the state law claim arising under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/*et seq.*, pursuant to 28 U.S.C. § 1367.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c).

## ALLEGATIONS COMMON TO ALL CLAIMS

10. This lawsuit arises out of Defendants' practice of knowingly and willfully refusing to pay Guon for all hours worked in excess of forty (40) hours each workweek.

11. From January 2010 to January 2016, Guon has been employed by Defendants.

12. At all times relevant, Defendants jointly participated in the hiring, determined the conditions of employment, and decided Guon's compensation.

13. At all times relevant, Defendants are employers, as defined by the FLSA and by the IMWL.

14. At all times relevant, Guon was a non-exempt employee of Defendants, as defined by the FLSA and IMWL.

15. During the course of Guon's employment, Defendants paid Guon as a salaried employee.

16. Despite that Guon's regular shift was approximately 9:00 a.m. to 5:00 p.m. Monday through Friday, Guon frequently performed work duties during the evening hours or during the weekend.

17. As a result of the Guon's duties that occurred after 5:00 p.m. during the week or on the weekend, Guon worked hours in excess of forty (40) hours per week while employed by Defendants.

18. Despite the fact that Guon was a non-exempt employee under the FLSA and the IMWL, Defendants did not pay Guon at the rate of one and one half times her regular rate of pay for the hours she worked in excess of forty (40) hours per week.

19. Defendants did not pay Guon proper wages that she was owed while employed by Defendants.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

20. Guon repeats and re-alleges Paragraphs 1-19 as and for Paragraph 20 of Count I.

21. Under the FLSA, Guon was entitled to be paid at the overtime rate by Defendants for each hour worked in excess of 40 hours each workweek.

22. The overtime rate is computed by multiplying 1.5 times an employee's regular hourly rate, which includes all nondiscretionary compensation paid to employees.

23. Defendants failed to compensate Guon at the overtime rate for work performed in excess of 40 hours per week in violation of the FLSA.

24. Defendants' violation of the FLSA for failure to pay Guon overtime wages was willful and deliberate.

25. Upon information and belief, Defendants' practice as described above was not approved in writing by the U.S. Department of Labor.

26. Upon information and belief, Defendants' practices were not based upon Defendant's review of any policy or publication of the U.S. Department of Labor.

27. Due to Defendants' violation of the FLSA, Guon is entitled to recover from Defendants her unpaid compensation, liquidated damages, reasonable attorneys' fees, and the cost of this action pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff Susan Guon prays for a judgment against Defendants John Q. Cook, M.D. LLC and Marketstaff, Inc. as follows:

A. Judgment in the amount of unpaid overtime wages for all time worked by Plaintiff Guon in excess of forty (40) hours in individual work weeks;

B. Liquidated damages in an amount equal to the amount of unpaid overtime wages;

C. That the Court declares that Defendants have violated the FLSA;

D. That the Court enjoins Defendants from violating the FLSA;

F. Reasonable attorneys' fees and costs of this action, as provided by the FLSA; and

G. All further relief as this Court deems just and proper.

## COUNT II
## FAILURE TO PAY OVERTIME WAGES UNDER THE IMWL

28. Guon repeats and re-alleges Paragraphs 1-19 as and for Paragraph 28 of Count II.

29. Under the IMWL, Guon was entitled to be paid at the overtime rate by Defendants for each hour worked in excess of 40 hours each workweek.

30. The overtime rate is computed by multiplying 1.5 times an employee's regular hourly rate, which includes all nondiscretionary compensation paid to employees.

31. Defendants failed to compensate Guon at the overtime rate for work performed in excess of 40 hours per week in violation of the IMWL.

32. Defendants' violation of the IMWL for failure to pay Guon overtime wages was willful, repeated, or with reckless disregard of the IMWL.

33. Due to Defendants' violation of the IMWL, Guon is entitled to recover from Defendants her unpaid compensation, statutory damages, reasonable attorneys' fees, and the cost of his action pursuant to 820 ILCS 105/12(a).

WHEREFORE, Plaintiff Susan Guon prays for a judgment against Defendants John Q. Cook, M.D. LLC and Marketstaff, Inc. as follows:

A. Judgment in the amount of unpaid overtime wages for all time worked by Plaintiff Guon in excess of forty (40) hours in individual work weeks;

B. Statutory damages and penalties pursuant to the formula set forth in 820 ILCS 105/12(a);

C. That the Court declares that Defendants have violated the IMWL;

D. That the Court enjoins Defendants from violating the IMWL;

F. Reasonable attorneys' fees and costs of this action, as set forth in 820 ILCS 105/12(a); and

G. All further relief as this Court deems just and proper.

    Respectfully submitted,

    **SUSAN GUON**

    By:_/s/Aaron W. Chaet_____
        One of her Attorneys

Kerry E. Saltzman
Aaron W. Chaet
Williams, Bax & Saltzman, P.C.
221 N. LaSalle St., Ste. 3700
Chicago, IL 60601
T: (312) 372-3311
F: (312) 372-5720
Saltzman@wbs-law.com
Chaet@wbs-law.com