SUSAN GUON,

      Plaintiff,

            v.

JOHN Q. COOK, M.D. LLC; and
MARKETSTAFF, INC.,

      Defendants.

No. 16 C 3840

Judge Thomas M. Durkin

## MEMORANDUM OPINION AND ORDER

Susan Guon alleges that her former employers, John Q. Cook, M.D. LLC ("Cook") and Marketstaff, Inc., failed to compensate her for any overtime work between January 2010 and January 2016, in violation of the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law. R. 1. Defendants have moved to dismiss her claims for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). R. 9. For the following reasons, the motion to dismiss is denied.

## Legal Standard

A Rule 12(b)(6) motion challenges the sufficiency of the complaint. *See, e.g., Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an

unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Mann v. Vogel*, 707 F.3d 872, 877 (7th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Mann*, 707 F.3d at 877.

## Background

Cook is a private medical practice. R. 1 ¶ 4. Marketstaff is a human resources organization that provides management services to Cook and its employees. *Id.* ¶ 6. Guon worked as a patient care coordinator at Cook from January 2010 to January 2016. *Id.* ¶ 2. She alleges that "Defendants jointly participated in [her] hiring, determined [her] conditions of employment, and decided [her] compensation." *Id.* ¶ 12. Guon makes no other allegations regarding her relationship with either Cook or Marketstaff.

Guon alleges that she was entitled to time and half for any hours she worked beyond 40 in a single week. *Id.* ¶ 18. She alleges that she "frequently" worked beyond her scheduled shift and on weekends, resulting in her working more than 40

hours in a week. *Id.* ¶¶ 16-19. She alleges that Defendants failed to compensate her at one and a half times her regular hourly rate of pay for the time she worked in excess of 40 hours. *Id.*

## Analysis

Defendants make three arguments in support of their motion to dismiss: (1) Guon has not plausibly alleged that they "jointly" employed her; (2) Guon has failed to sufficiently allege that she was improperly paid; and (3) portions of Guon's claims are time-barred.

## I.    Joint Employment

Defendants contend that "Guon offers not one distinct fact or specific action to support her conclusion and demonstrate that Dr. Cook, Marketstaff, or both exercised control over her working conditions so as to give rise to a joint-employment relationship, or that either had any role in the alleged FLSA violation." R. 17 at 13. Under the FLSA, "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). And "employ" is defined to include "to suffer or permit to work." 29 U.S.C. § 203(g). The Supreme Court has described this as "the broadest definition . . . ever included in any one act." *United States v. Rosenwasser*, 323 U.S. 360, 363 n. 3 (1945); *accord Reyes v. Remington Hybrid Seed Co.*, 495 F.3d 403, 408 (7th Cir. 2007).

Federal regulations contemplate that an "employee" may have more than one "employer" for purposes of enforcement of the FLSA. *See* 29 C.F.R. § 791.2.

Generally, "for a joint-employer relationship to exist, each alleged employer must exercise control over the working conditions of the employee, although the ultimate determination will vary depending on the specific facts of each case." *Moldenhauer v. Tazewell-Pekin Consol. Commc'ns Ctr.*, 536 F.3d 640, 644 (7th Cir. 2008).

Here, Guon has sufficiently alleged that she worked for Cook and that Marketstaff was responsible for the process that lead to her hiring and for her compensation. It is entirely plausible that Cook would control when and how long Guon worked, while Marketstaff—as a human resources contractor—controlled how much she was paid. These alleged facts plausibly show that Cook and Marketstaff jointly employed Guon.

Defendants cite a number of cases they contend require Guon to plead more specific facts. Two of these cases, however, were decided on summary judgment, and so have limited relevance to his motion. *See Moldenhauer*, 536 F.3d at 641; *Zampos v. W & E Commc'ns, Inc.*, 970 F. Supp. 2d 794, 795 (N.D. Ill. 2013). Another concerned the liability of a corporate executive for treatment of an employee at a retail store, *see Brunner v. Liautaud*, 2015 WL 1598106, at *3-4 (N.D. Ill. Apr. 8, 2015), and another concerned the liability of the plaintiff's fellow employee, *see Hadad v. World Fuel Servs., Inc.*, 2013 WL 6498894, at *2 (N.D. Ill. Dec. 11, 2013). The facts in *Brunner* and *Hadad* are inapposite in that they involve different employment relationships than the relationship between Guon and Cook and Marketstaff. None of these cases undermine Guon's allegations that both her direct supervisor and her employment agency are both her employer for purposes of the

FLSA. Therefore, the Court will not dismiss Guon's claims for failure to plausibly allege that Cook and Markerstaff are joint employers.

## II. Unpaid Wages

Guon argues that her allegation that she "frequently performed work duties during the evening hours or during the weekend" such that she "worked hours in excess of [40] hours per week," is sufficient to allege a FLSA violation. Defendants point out that some federal circuits require a plaintiff "bringing an FLSA claim to specify at least one workweek in which he worked in excess of forty hours and was not paid overtime wages as well as the average rate at which he was paid, [and] the amount of unpaid compensation he is owed." *Delgado v. Directv, Inc.*, 2016 WL 1043725, at *6 (S.D. Ind. Mar. 16, 2016) (citing *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 645 (9th Cir. 2014)); *see also Pruell v. Caritas Christi*, 678 F.3d 10, 13 (1st Cir. 2012); *Davis v. Abington Mem. Hosp.*, 765 F.3d 236, 243 (3d Cir. 2014); *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114-15 (2d Cir. 2013).

In the face of these decisions from other circuits, however, district courts in the Seventh Circuit have noted that "there is no rule of law that requires [p]laintiffs to allege their hourly wage, the dates on which the alleged violations took place, or the specific tasks they performed off the clock." *Victoria v. Alex Car, Inc.*, 2012 WL 1068759, at *5 (N.D. Ill. Mar. 29, 2012) (citing *Nicholson v. UTi Worldwide, Inc*, 2010 WL 551551, at *2-3 (S.D. Ill. Feb. 12, 2010) (plaintiff need not allege "details of dates, times and allegedly unpaid overtime wages" to sufficiently plead an overtime

claim)); *see also Nava v. Barton Staffing Sols., Inc.*, 2016 WL 3708684, at *2 (N.D. Ill. Jan. 11, 2016) (plaintiff who alleged that he "regularly worked over forty hours per week but continued to be paid his regular pay rate, and not time and a half, for those additional hours" sufficiently put the defendant "on notice of his FLSA" claim); *Sanchez v. Haltz Constr., Inc.*, 2012 WL 13514, at *3 (N.D. Ill. Jan 4, 2012) (allowing FLSA claim to proceed where plaintiffs alleged that "they 'routinely' worked more than 40 hours per week without receiving overtime pay, and that the amount of compensation they did receive for the work they performed fell below the minimum-wage requirement," noting that "wage cases . . . are not so complicated that they require significant factual allegations"); *Callahan v. City of Chicago*, 2012 WL 5989341, at *6 (N.D. Ill. Nov. 29, 2012) (the plaintiff's "allegation that she earned, 'on average, less than the minimum wage of $8.25 an hour,' is sufficient to put the City on fair notice of the basis of her IMWL claim").

The Court agrees with these decisions. Defendants do not require any other information to begin to defend against Guon's claims. While some courts in this district require plaintiffs to allege greater detail about particular instances in which they worked more than 40 hours and were not paid overtime wages, no courts have required plaintiffs to allege *all* such instances at the pleading stage. Even if the Court were to require Guon to replead with at least one such specific instance, discovery would still involve investigation into additional instances of under-payment. The complaint contains sufficient factual material to put Defendants on

notice of Guon's claims, which are plausible on their face. That is enough for her claims to proceed.

## III.     Timeliness and Willfulness

Defendants also argue that Guon's allegations are insufficient to state a claim for a willful violation of the FLSA. The FLSA provides that claims must be brought within two years of accrual, except that claims arising out of a willful violation may be brought within three years of accrual. 29 U.S.C. § 255(a). An employer acts willfully where it "knows or shows reckless disregard for whether [its] actions are unlawful under the FLSA." *Bankston v. State of Illinois*, 60 F.3d 1249, 1253 (7th Cir. 1995).

Guon seeks to benefit from the three-year statute of limitations by pleading that Defendants' conduct was willful because "Defendants' practices were not based upon Defendant's [sic] review of any policy or publication of the U.S. Department of Labor." R. 1 ¶ 26. Whether Guon has sufficiently pleaded willfulness to take advantage of the three-year statute of limitations is an affirmative defense that need not be anticipated in the pleadings. *See Tregenza v. Great Am. Commc'ns Co.*, 12 F.3d 717, 718 (7th Cir. 1993) ("a plaintiff is not required to negate an affirmative defense in his complaint"). And courts have applied this principle to allegations of willfulness that would serve to extend the statute of limitations. *See Sylvester v. Wintrust Fin. Corp.*, 2013 WL 5433593, at *5 (N.D. Ill. Sept. 30, 2013) (allowing collective action notice for three-year period where plaintiffs alleged willful violation "without stating facts that show that [the defendant's] violations were knowing or

7

reckless," for "[c]ourts have held that a conclusory willfulness allegation is sufficient to justify providing notice to the putative class on the basis of the potentially applicable three-year period"); *Victoria*, 2012 WL 1068759, at *5; *see also Regan v. City of Charleston*, 2014 WL 3530135, at *4 (D.S.C. July 16, 2014) ("[A]ny facts relevant to the alleged willfulness of the [the defendant's] conduct must be elicited during the course of discovery. . . . If the alleged violations are ultimately found not to have been willful in nature, the two-year statute of limitations will apply and Plaintiffs' respective claims may be limited or time-barred accordingly."); *Martinez v. Regency Janitorial Servs.*, 2011 WL 4374458, at *5 (E.D. Wis. Sept. 19, 2011) (refusing to dismiss complaint where it alleged in conclusory terms that FLSA violations were willful while noting that even if such allegations were lacking, dismissal would not be warranted because timeliness is an affirmative defense). Although Guon's allegations related to willfulness are relatively conclusory, the Court will allow discovery to determine whether the statute of limitations should be extended from two to three years based on willful conduct.

## Conclusion

For the foregoing reasons, Defendants' motion to dismiss, R. 9, is denied.

ENTERED:

_Thomas M Durkin_
_____
Honorable Thomas M. Durkin
United States District Judge

Dated:  November 3, 2016